IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| TIFFANY MALONE, #165 114 | * | |
| Petitioner, | * | |
| v. | * | 2:09-CV-159-TMH |
| | | (WO) |
| WARDEN FRANK ALBRIGHT, *et al.*, | * | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Tiffany Malone, a state inmate, on February 25, 2009.[1] In this petition, Petitioner challenges the precise terms of several sentences imposed upon her by the Circuit Court for Etowah County, Alabama for various felony convictions. Petitioner also seeks an award of jail credit from the aforementioned state court.

**DISCUSSION**

This court "in the exercise of its discretion and in furtherance of justice" may

---

[1] Although the Clerk of this court stamped the present petition "filed" on February 27, 2009, Petitioner certifies that she placed the petition in the prison mail on February 25, 2009. (*Doc. No. 1 at 15*.) The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day" Petitioner stated such occurred. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers February 25, 2009 as the date of filing.

transfer an application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" the petitioner. 28 U.S.C. § 2241(d). Petitioner attacks the provisions of sentences imposed upon her by the Circuit Court for Etowah County, Alabama. Additionally, Petitioner requests that the trial court award her jail credit for time served on bond. Etowah County is located within the jurisdiction of the United States District Court for the Northern District of Alabama. In light of the foregoing, the court concludes that transfer of this case to such other court for review and disposition is appropriate.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).[3]

It is further

ORDERED that on or before **March 17, 2009** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or

---

In transferring the instant case, this court makes no determination regarding the merits of Petitioner's claims for relief nor whether she has exhausted available state court remedies prior to filing a federal habeas petition as required by 28 U.S.C.§ 2244(b)(1)(A).

Petitioner filed neither the requisite filing fee nor an affidavit in support of a request for leave to proceed *in forma pauperis*. Under the circumstances of this case, however, matters related to Petitioner's *in forma pauperis* status, including the assessment and collection of any filing fee, should be undertaken by the United States District Court for the Northern District of Alabama. Thus, this court will not address Petitioner's failure to submit documents necessary to a determination of her *in forma pauperis* status.

general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 4th day of March 2009.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE